IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL KOSSIE, <br> TDCJ-ID NO. 1250763, <br><br> Petitioner, <br> v. <br><br> RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-12-3780 |

## MEMORANDUM OPINION AND ORDER

Darrell Kossie has filed a petition for a writ of habeas corpus (Docket Entry No. 1) challenging a state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive and untimely.

Portions of Kossie's habeas petition are nonsensical,[1] but in light of available court and prison records it is apparent that Kossie challenges a thirty-five year sentence for possession of a controlled substance that he is now serving. See TDCJ-CID Records, http://offender.tdcj.state.tx.us/. He was convicted of the offense in 2004. State v. Kossie, No. 973065 (262nd Dist. Ct.,

---

[1] See, e.g., Docket Entry No. 1, at 4 "Factor demonstrated show clearly prove magellan's [sic] voyage around the world that earth is round sciens [sic] teach explain by carrying out experiments or by using samples or specimens show how a thing is done use of a magnet in class show the merits of a thing for sale advertise or make known by carrying . . ."

Harris County, Tex., July 14, 2004). The Court of Appeals for the First District of Texas affirmed the conviction the following year. Kossie v. State, No. 01-04-00770-CR, 2005 WL 2614925 (Tex. App. Houston [1st Dist.] Oct. 13, 2005, pet. ref'd). Kossie filed an application for a writ of habeas corpus claiming that he was not given timely notice of the decision by the Court of Appeals. The Texas Court of Criminal Appeals granted relief and instructed Kossie to file a petition for discretionary review within thirty days. Ex parte Kossie, No. 69,203-01 (Tex. Crim. App. 2008). A petition for discretionary review was filed and was subsequently refused on August 20, 2008. Kossie v. State, No. PD-745-08 (Tex. Crim. App. 2008). See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

On October 19, 2012, Kossie filed a federal petition for a writ of habeas corpus challenging his conviction for possession of a controlled substance. The district court ordered Kossie to file a written statement setting forth grounds why his petition should not be barred as untimely. After receiving Kossie's response, the court determined that all of his claims were time barred and that he failed to identify any grounds for equitable tolling. Kossie v. Thaler, No. H-12-03194 (S.D. Tex. Jan. 15, 2013). The petition was dismissed as untimely, and no further action was taken. Id.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") the present action is barred as a successive federal

habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal Kossie must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission to Kossie to file the current petition. Without such authorization this action must be dismissed for lack of jurisdiction. Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition to being barred as successive, the court also finds that this action would be barred as untimely under AEDPA because Kossie is challenging a conviction that was final more than four years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). His previous federal habeas petition, H-12-3194, was dismissed as untimely, and it did not toll the limitations period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within the meaning of the AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999). Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions find them to be untimely. See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). The court finds that a response is not warranted,

however, since Kossie's petition is successive as well as time-barred.

Before Kossie can appeal the dismissal of his petition, he must obtain a Certificate of Appealability ("COA"). 28 U.S.C. § 2253. In order to obtain a COA, Kossie must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A COA will be denied because this action is clearly barred, and Kossie has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 12th day of March, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE